1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE
9
10
MOLLY MCGINNIS, et al.,

Plaintiffs,
No. C08-106Z
11
12
v.
ORDER
13
T-MOBILE USA, INC., a Delaware
corporation,
14
Defendant.
15
16
     This matter comes before the Court on Defendant's Motion to Dismiss Claim for
17
Injunctive Relief and Claims Under the Washington Consumer Protection Act, docket no. 31.
18
For the reasons stated in this Order, the motion is DENIED.
19
     T-Mobile brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6).
20
The question for the Court is whether the facts in the complaint sufficiently state a
21
"plausible" ground for relief. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).
22
In deciding a motion to dismiss, the court accepts as true all material allegations in the
23
complaint and construes them in the light most favorable to the plaintiff. <u>See</u> <u>Newman v.</u>
24
<u>Sathyavaglswaran</u>, 287 F.3d 786, 788 (9th Cir. 2002).
25
     Plaintiffs' amended complaint alleges a violation of the Consumer Protection Act,
26
RCW 19.86.020. The five elements of a WCPA claim are: "(1) unfair or deceptive act or

ORDER - 1

practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986). Plaintiffs' amended complaint alleges each of the elements of a claim under the Act.

Defendant contends that Plaintiffs lack standing to assert a claim because Plaintiffs are not residents of the State of Washington. No case has directly held a non-resident, with no contact with the State of Washington, can sue under the Washington Consumer Protection Act. However, two cases support the conclusion that a non-resident has standing to sue under the Act. In Schnall v. AT&T Wireless Serv., Inc., 139 Wn.App. 280, 284 (2007), review granted, 163 Wn.2d 1022 (2008),[1] the court affirmed a King County Court's holding that "the CPA applies to the appellants' nationwide claims." Named class action Plaintiffs in the Schnall case included a Washington, New Jersey and California resident. In Kelley v. Microsoft Corp., 251 F.R.D. 544, 553 (W.D. Wash. 2008), review denied, No. 08-80030 (9th Cir. 2008), the Court concluded that a Washington and Illinois plaintiff could sue under the Washington Consumer Protection Act, reasoning that:

> Washington has a paramount interest in applying its law to this action. The CPA targets all unfair trade practices either originating from Washington businesses or harming Washington citizens. Applications of the CPA to Plaintiffs' claims effectuates the broad purpose of CPA and its deterrent purpose, especially as applied to one of Washington's most important corporate citizens.

In ruling on the motion to dismiss, this Court need not decide whether a plaintiff, with no connection whatever to the State of Washington, may never the less sue a defendant for conduct occurring solely within the State of Washington. Rather, at this junction of the case, the Court must conclude whether the present motion to dismiss must be denied. The facts as alleged and construed in the light most favorable to Plaintiffs state a plausible CPA claim

---

[1] Although review has been granted by the Washington Supreme Court, the issues presented for review do not directly address the issue of whether a non-resident has standing to sue a Washington defendant under the Washington Consumer Protection Act.

1  under Washington law.  Accordingly, the Court denies the motion to dismiss the CPA claim

2  at this preliminary stage of the proceedings.

3      Plaintiffs' claim for injunctive relief is based on a CPA claim under Washington law.

4  For the same reasons, the Motion to Dismiss the Claim for Injunctive Relief must also be

5  denied at this time.

6      IT IS SO ORDERED.

7      DATED this 30th day of October, 2008.

Thomas S. Zilly
United States District Judge