The Honorable Thomas S. Zilly



**08-CR-00106-AF**

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MOLLY McGINNIS et al., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant. | No. C08-0106 TSZ <br><br> STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION <br><br> ~~(PROPOSED)~~ |
| ANTHONY DANIELS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., a Delaware corporation, <br><br> Defendant. | |

## PROTECTIVE ORDER

This matter having come before the Court pursuant to the agreement of all parties hereto, and good cause being shown, the Court ORDERS that confidential information noted herein shall be disclosed and regulated under this Protective Order. While this Protective

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 1
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1   Order shall remain in effect through the conclusion of this litigation, the parties shall propose

2   a separate order specifically addressing the use of confidential information at trial at the

3   appropriate time.  In support of this Protective Order, the Court finds as follows:

4   **I.    Statement of Facts Justifying Sealing Certain Records.**

5           Molly McGinnis and other plaintiffs and T-Mobile USA, Inc. ("T-Mobile") are parties

6   to this litigation (the "Action").  McGinnis and the other plaintiffs have sued T-Mobile.

7           Documents or information containing confidential, proprietary and business

8   information and/or trade secrets ("Confidential Matter") that bear significantly on the parties'

9   claims or defenses are likely to be disclosed or produced during the course of discovery in this

10  litigation.  Further, the public dissemination and disclosure of Confidential Matter could

11  severely injure or damage the party disclosing or producing the Confidential Matter and could

12  place that party at a competitive disadvantage.

13          To protect the respective interests of the parties and to facilitate the progress of

14  disclosure and discovery in this case, the parties stipulate that the following Protective Order

15  should issue:

16  **II.   Categories of Confidential Matter.**

17          For the purpose of this Protective Order, there shall be two categories of Confidential

18  Matter:

19          (a)  "Highly Confidential – Attorney's Eyes Only" matter shall consist of information

20               (in document form or otherwise) that the Producing Party in good faith believes is

21               maintained by the Producing Party as confidential and is or contains trade secret,

22               proprietary or other highly sensitive information.

23          (b)  "Confidential" matter shall be limited to other non-public, proprietary information

24               that the Producing Party believes in good faith is maintained by the Producing

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 2
No. C08-0106 TSZ

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1           Party as confidential and is or contains confidential research, development,

2           business or commercial information that is sensitive, but not so sensitive as to

3           require protection under Section II(a), above, whether embodied in physical

4           objects, documents, or the factual knowledge of persons.

5        This Protective Order shall apply to Confidential Matter in all answers, responses,

6    documents or deposition testimony, as well as in all pleadings, discovery papers, briefs,

7    summaries, notes, abstracts, or other documents which comprise, embody, summarize, discuss

8    or quote from any such answers, responses, documents or deposition testimony, including

9    memoranda or work product prepared by counsel, their staff, or authorized outside consultants

10   or experts.

11   **III.    Designation of Information Produced.**

12       (a)  Any answers, responses or documents deemed confidential under Section II(a) by

13          the Producing Party shall be marked or stamped by the Producing Party as

14          "Highly Confidential - Attorney's Eyes Only."

15       (b)  Any answers, responses or documents deemed confidential under Section II(b) by

16          the Producing Party shall be marked or stamped by the Producing Party as

17          "Confidential."

18       (c)  Stamping or marking material as set forth in this Section shall constitute a good

19          faith representation by the Producing Party that it reasonably believes good cause

20          exists to so designate the material pursuant to this Protective Order.

21   **IV.    Depositions.**

22       (a)  During any deposition, the witness under deposition, or his/her counsel, or any

23          counsel representing any person or party at the deposition, may request that any

24          portions of the deposition or deposition exhibits also be treated as "Confidential."

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 3
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    The provisions of this Section may be invoked with respect to the witness's entire

2    deposition, or any portion thereof, at any time during the deposition or within

3    thirty (30) days thereafter.  Upon designating the deposition (or any portion

4    thereof) as "Confidential," the room in which the deposition is being taken shall,

5    for those portions and at the request of the Producing Party, be closed in

6    accordance with the restrictions of Section VI.  The presence of persons not

7    entitled to attend a deposition pursuant to that Section shall constitute justification

8    for counsel to the Producing Party to advise or instruct the witness not to answer.

9    (b)  During any deposition, the witness under deposition, or his/her counsel, or any

10    counsel representing any person or party at the deposition, may request that any

11    portions of the deposition or deposition exhibits also be treated as "Highly

12    Confidential - Attorney's Eyes Only."  The provisions of this Section may be

13    invoked with respect to any portion of the witness's deposition at any time during

14    the deposition or within thirty (30) days thereafter.  Upon designating certain

15    portions of the deposition as "Highly Confidential - Attorney's Eyes Only," the

16    room in which the deposition is being taken shall, for those portions and at the

17    request of the Producing Party, be closed in accordance with the restrictions of

18    Section V.  The presence of persons not entitled to attend a deposition pursuant to

19    that Section shall constitute justification for counsel to the Producing Party to

20    advise or instruct the witness not to answer.

21    (c)  To the extent that Confidential Matter or information contained therein is used in

22    depositions, at hearings, or at trial, such documents or information shall remain

23    subject to the provisions of this Protective Order, along with the transcript pages

24

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    of the deposition testimony and/or trial testimony referring to the Confidential

2    Matter or information contained therein.

3    (d) All deposition transcripts and the exhibits thereto shall be treated initially as

4    "Highly Confidential - Attorney's Eyes Only" in their entirety until thirty (30)

5    days after receipt of the transcript, unless the parties expressly agree otherwise.

6    Within thirty (30) days after receipt of the hard copy of the transcript from the

7    court reporter, any party may designate portions of the deposition transcript as

8    "Confidential" or "Highly Confidential - Attorney's Eyes Only," pursuant to

9    Sections IV (a) and (b) above.  The designation shall be accomplished by a letter

10    to all other parties and the court reporter listing the pages, lines, and exhibits

11    constituting confidential information and the category of confidentiality.

12    (e) Nothing in this Protective Order shall prohibit counsel from using any document,

13    protected or otherwise, at deposition or in Court.

14    (f) Failure to designate testimony as: "Confidential" or "Highly Confidential -

15    Attorney's Eyes Only" either at a deposition or within thirty (30) days after

16    receipt of the transcripts shall be deemed a waiver of the right to designate such

17    testimony as Confidential Matter, but shall not affect the status of any other

18    information, testimony, document, or privilege, whether or not closely related.

19    **V.   "Highly Confidential - Attorney's Eyes Only" Restrictions.**

20    Confidential Matter designated as "Highly Confidential - Attorney's Eyes Only" shall

21    not be disclosed, shown, disseminated, copied, or in any way communicated to anyone for

22    any purpose whatsoever, except by the prior written consent of the Producing Party or

23    pursuant to a further order of the Court, to any person other than:

24

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 5
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(a)  Attorneys of record for the Receiving Party and their regularly employed support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff).

(b)  In-house counsel for T-Mobile.

(c)  Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (*e.g.*, court reporters).

(d)  Jury consultants or their employees, mock jurors, graphics consultants, document duplication, coding, imaging or scanning services retained by outside litigation counsel.

(e)  Independent consultants or experts engaged by counsel in this litigation and their staffs, whether or not such experts are paid directly by a party, that sign the undertaking attached as Exhibit A hereto.  At the conclusion of the litigation, (1) such undertakings will be disclosed to the producing party along with a certification of the consultant or expert that all Confidential Matter has been returned or destroyed; except that (2) with respect to undisclosed, non-testifying consultants, at the Receiving Party's option, such undertakings and certification need not be disclosed to the producing party if the Receiving Party's counsel: (a) keeps copies of such undertakings and certifications for a period of three years after final judgment; and (b) certifies that any such undisclosed, non-testifying experts have confirmed that all Confidential Matter within their possession has been returned or destroyed.

(f)  Independent litigation support services, including persons working for or as Court reporters, graphics or design services, jury or trial consulting services and

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 6
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

photocopy, document imaging and database services retained by counsel necessary to assist outside counsel with preparation of presentation at trial or other court proceedings in this Action.

(g) Professional court reporters and videographers to the extent Confidential Matter is disclosed at a deposition such person is transcribing or recording.

(h) At a deposition, any deponent employed at the time of the deposition by the party designating the information as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

(i) At a deposition, any non-party deponent or deponent formerly employed by the party designating the information as "Confidential" or "Highly Confidential - Attorney's Eyes Only," subject to the following conditions: Prior to disclosing Confidential Matter, (a) the deponent shall be advised that the Confidential Matter is the subject of this Protective Order; (b) all parties and counsel present will endeavor to obtain the deponent's agreement to be bound by this Protective Order and to sign the undertaking attached as Exhibit A; but (c) if such attempts are unsuccessful, the Receiving Party may nonetheless show the deponent the Confidential Matter as a deposition exhibit if such party's counsel deems it reasonably necessary. Under no circumstances, however, will the deponent be allowed to make a copy of or take notes relating to the contents of such materials. The Receiving Party need not specify in advance the particular Confidential Matter that it intends to use as a deposition exhibit.

(j) Any person who, prior to the litigation, on the face of the document, was an author or recipient of the document.

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 7
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Any such person who receives information marked "Highly Confidential - Attorney's

2    Eyes Only" under this Protective Order may make working copies of such information, but

3    must ensure that the protections set forth in this Protective Order are maintained with respect

4    to all such copies. Copies of documents produced pursuant to this Protective Order may be

5    made, or exhibits prepared by independent copy services, printers, or illustrators, only for

6    purposes of this litigation.

7    **VI.    "Confidential" Restrictions.**

8    Confidential Matter designated as "Confidential" shall not be disclosed, shown,

9    disseminated, copied, or in any way communicated to anyone for any purpose whatsoever,

10   except by the prior written consent of the Producing Party or pursuant to further order of this

11   Court, to any person other than:

12       (a)    The attorneys of record for the Receiving Party and their regularly employed

13           support personnel (such as paralegals, administrative assistants, secretaries,

14           clerical and administrative staff).

15       (b)    In-house counsel for T-Mobile.

16       (c)    Officers of the Court and supporting personnel or officers of any appellate court

17           to which an appeal may be taken or in which review is sought, including

18           necessary stenographic and clerical personnel (*e.g.*, court reporters).

19       (d)    Jury consultants or their employees, mock jurors, graphics consultants, document

20           duplication, coding, imaging or scanning services retained by outside litigation

21           counsel.

22       (e)    Independent consultants or experts engaged by counsel in this litigation and their

23           staffs, whether or not such experts are paid directly by a party, that sign the

24           undertaking attached as Exhibit A hereto. At the conclusion of the litigation,

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 8
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(1) such undertakings will be disclosed to the producing party along with a certification of the consultant or expert that all Confidential Matter has been returned or destroyed; except that (2) with respect to undisclosed, non-testifying consultants, at the Receiving Party's option, such undertakings and certification need not be disclosed to the producing party if the Receiving Party's counsel: (a) keeps copies of such undertakings and certifications for a period of three years after final judgment; and (b) certifies that any such undisclosed, non-testifying experts have confirmed that all Confidential Matter within their possession has been returned or destroyed.

(f) A party or any agents, officers, or employees of a party.

(g) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database services retained by outside counsel necessary to assist outside counsel with preparation of presentation at trial or other court proceedings in this Action.

(h) Professional court reporters and videographers to the extent Confidential Matter is disclosed at a deposition such person is transcribing or recording.

(i) At a deposition, any deponent employed at the time of the deposition by the party designating the information as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

(j) At a deposition, any non-party deponent or deponent formerly employed by the party designating the information as "Confidential" or "Highly Confidential - Attorney's Eyes Only," subject to the following conditions:  Prior to disclosing Confidential Matter, (a) the deponent shall be advised that the Confidential Matter

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    is the subject of this Protective Order; (b) all parties and counsel present will

2    endeavor to obtain the deponent's agreement to be bound by this Protective Order

3    and to sign the undertaking attached as Exhibit A; but (c) if such attempts are

4    unsuccessful, the Receiving Party may nonetheless show the deponent the

5    Confidential Matter as a deposition exhibit if such party's counsel deems it

6    reasonably necessary.  Under no circumstances, however, will the deponent be

7    allowed to make a copy of or take notes relating to the contents of such materials.

8    The Receiving Party need not specify in advance the particular Confidential

9    Matter that it intends to use as a deposition exhibit.

10    (k)  Any person, who prior to the litigation, on the face of the document, was an

11    author or recipient of the document.

12  **VII.    Submission to Court.**

13    If any party intends to file Confidential Matter with the Court, then the provisions of

14  this section must be followed to ensure that such materials are filed under seal.  Counsel shall

15  either: (1) meet and confer before filing documents under seal and attempt to agree upon

16  a stipulation and proposed order reciting the reasons for sealing the document, filing such a

17  stipulation, and attaching the documents at issue to such stipulation as sealed documents in

18  the manner set forth by LR 5(g)(3) (as opposed to filing them with or attaching them to the

19  underlying motion or other filing); or (2) counsel wishing to file such Confidential Matter

20  shall file a motion to seal in the form attached hereto as Exhibit B indicating that the

21  documents at issue have been designated as Confidential Matter pursuant to this Protective

22  Order, attaching the documents at issue to such motion as sealed documents in the manner set

23  forth by LR 5(g)(3) (as opposed to filing them with or attaching them to the underlying

24  motion or other filing), with the understanding that the producing party shall thereafter file a

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 10
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    response to such motion setting forth a more particularized showing of why such materials

2    should remain sealed.  Counsel shall use the Official Court Electronic Document Filing

3    System ("CM/ECF") to present materials under seal; counsel shall not provide original sealed

4    materials to chambers, and shall not provide working copies to chambers unless the materials

5    are voluminous and working copies are otherwise required under Local Rule CR 10(e)(8).

6    **VIII.   Objection to Designation.**

7          Any party may contest the designation of any document or information as "Highly

8    Confidential - Attorney's Eyes Only" or "Confidential." The Producing Party and Receiving

9    Party shall confer in good faith to resolve any such disagreements.  At any time prior to the

10   final pretrial conference in this Action, any party may object in good faith to the designation

11   or re-designation of any litigation material as "Highly Confidential - Attorney's Eyes Only"

12   or "Confidential" by providing counsel for the Producing Party with written notice of the

13   reasons for its objection.  The Producing Party shall, within seven (7) calendar days after

14   receiving such written notice, advise the objecting party, in writing, of the basis for its

15   designation.  Within seven (7) calendar days thereafter, the parties shall confer in a good faith

16   effort to resolve the matter.  Failing such resolution, the Producing Party shall then have ten

17   (10) calendar days from the final conference (the "Motion Period") to apply to the Court for a

18   protective order.

19         Notwithstanding any objection to the designation of litigation material as "Highly

20   Confidential - Attorney's Eyes Only" or "Confidential," litigation material shall be treated as

21   such and shall be subject to the provisions hereof unless and until one of the following occurs:

22   (i) the party who designated the litigation material "Highly Confidential – Attorney's Eyes

23   Only" or "Confidential" changes or removes such designation in writing; (ii) the Producing

24   Party fails to apply to the Court for a protective order before expiration of the Motion Period;

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 11
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    or (iii) the Court orders the Producing Party to change or remove such designation.  In any

2    motion challenging whether an item is properly designated, the Producing Party has the

3    burden of establishing that the item was properly designated.  The failure of the Receiving

4    Party to challenge the designation of any item under this Protective Order at the time of

5    production or designation of the item shall not be deemed a waiver of the Receiving Party's

6    right to challenge the propriety of such designation at any time prior to the final pretrial

7    conference in this Action.

8    **IX.    Inadvertent Production of Privileged Litigation Material.**

9            The inadvertent production of litigation material which a party or non-party later

10   claims should not have been produced because of a privilege, including but not limited to the

11   attorney-client privilege, work product immunity, and/or joint defense privilege

12   ("Inadvertently Produced Privileged Material"), will not be deemed a waiver of any privilege.

13   A party or non-party may request the destruction or return of any Inadvertently Produced

14   Privileged Material and all such Inadvertently Produced Privileged Material (including all

15   copies thereof) shall be returned to the Producing Party within twenty-four hours.  The return

16   of any Inadvertently Produced Privileged Material shall not in any way preclude the

17   Receiving Party from moving the Court for an order finding that: (i) the litigation material

18   was never privileged or otherwise immune from disclosure; or (ii) any applicable privilege or

19   immunity has been waived by some act other than the production of the litigation material.

20   **X.     Disclosure of Confidential Material.**

21           (a)   <u>Inadvertent Disclosure</u>.  If, through inadvertence, the Producing Party provides

22                 any material containing Confidential Matter during the course of this litigation

23                 without designating the material as set forth in Section III above, the Producing

24                 Party may subsequently inform the Receiving Party in writing of the confidential

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 12
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  nature of the material and specify the Confidential Matter designation that should

2  be applied to the material. The Receiving Party shall thereafter treat the disclosed

3  material in accordance with this Protective Order to the extent that the Receiving

4  Party has not already disclosed the material.

5  (b) <u>Required Disclosure</u>. In the event that any person in receipt of Confidential

6  Matter shall receive a written request, subpoena, or court order seeking disclosure

7  of said Confidential Matter, such person shall promptly notify counsel for the

8  Producing Party of the request, subpoena, or court order, sufficiently in advance

9  of such disclosure to allow that party to object, and shall provide a copy of the

10  same.

11  (c) <u>Unauthorized Disclosure</u>. If material containing Confidential Matter is disclosed

12  to any person other than in the manner authorized by this Protective Order, the

13  person responsible for the disclosure shall immediately bring all pertinent facts

14  relating to such disclosure to the attention of counsel for all parties and, without

15  prejudice to other rights and remedies of any party, make every effort to prevent

16  further disclosure including further disclosure by the recipient of such material.

17  **XI.    Limitation on Use and Survival.**

18  (a) Any Confidential Matter made available during the course of this Action shall be

19  used solely for the purposes of this Action and shall not be disclosed or used by

20  the recipient(s) for any business, commercial, or competitive purpose whatsoever.

21  (b) All obligations and duties arising under this Protective Order shall survive the

22  termination of this Action. This Court retains jurisdiction over the parties hereto

23  respecting any dispute regarding the improper use of information disclosed under

24  protection of this Protective Order.

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 13
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

(c) Outside counsel of record for the party or parties receiving Confidential Matter may create an index of the Confidential Matter and furnish it to attorneys of record representing or having represented parties involved in litigation involving the claims alleged in this suit against the party or parties disclosing or producing the Confidential Matter. The index may only identify the document, date, author, and general subject matter of any Confidential Matter, but may not reveal the substance of any such document. Counsel for the party or parties receiving Confidential Matter shall maintain a current log of the names and addresses of persons to whom the index was furnished.

(d) The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

## XII.   Producing Party's Use.

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, and/or information for any purpose or from disclosing its own Confidential Matter to any person or from consenting to the disclosure of its own Confidential Matter by the Receiving Party.

## XIII.   Independent Source.

This Protective Order does not prohibit the use or disclosure of confidential material obtained from an independent source even if such material is designated as Confidential Matter under this Protective Order. Where such information is obtained from another source and is additionally contained in materials designated Confidential Matter, the specific material provided by the Producing Party shall be maintained as confidential. The restrictions on use and disclosure set forth herein shall not apply to information that, prior to being obtained by

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 14
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    the Receiving Party pursuant to this Protective Order, either is in the possession or knowledge

2    of the Receiving Party or is demonstrably public knowledge.  The restrictions, uses, and

3    disclosures set forth herein shall not apply to information that, after being obtained by the

4    Receiving Party pursuant to this Protective Order, becomes demonstrably public knowledge

5    other than by act or omission by the Receiving Party.

6    **XIV.   Return or Destruction.**

7        At the conclusion of the civil case herein referenced, all tangible Confidential Matter,

8    and all copies of Confidential Matter or any derived summaries, memoranda, or other records

9    containing Confidential Matter shall be destroyed, with the Receiving Party providing a

10   certification of destruction, or returned to counsel for the Producing Party.  Counsel for each

11   party may retain an archival copy of the following regardless of whether it contains any item

12   identified as "*Highly Confidential - Attorney's Eyes Only*" or "Confidential":  (i) its

13   correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda,

14   affidavits, supporting materials, and all papers served on the party; (iii) any briefs and

15   appendix on appeal; (iv) all legal research memoranda; (v) its file of deposition transcripts

16   and accompanying exhibits; (vi) its file of trial transcripts and accompanying exhibits; or (vii)

17   any document that contains or reflects counsel's work product.

18       The party or parties receiving Confidential Matter shall not under any circumstances

19   sell, offer for sale, advertise, or publicize Confidential Matter or any information contained

20   therein.

21   **XV.   Protection of Third Parties.**

22       An entity that is not a party to the Action may take advantage of the protection of

23   Confidential Matter provided by this Protective Order, and such entity shall be entitled to all

24   rights and protections afforded the Producing Party under this Protective Order.

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 15
No. C08-0106 TSZ

**CORR CRONIN MICHELSON**
**BAUMGARDNER & PREECE LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**XVI.    Relief from Protective Order.**

Entry of this Protective Order shall be without prejudice to the application by any party or non-party (i) for relief from any restriction contained herein, or (ii) for any order compelling or further restricting the production or use of any litigation material produced, furnished or disclosed in the course of discovery in this Action. The parties may amend or modify any provision of this Protective Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

**XVII. Binding Effect.**

This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Respectfully submitted this 28th day of October, 2008.

So stipulated:

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.

 s/ Clifford A. Cantor, WSBA No. 17893 

GISKAN SOLOTAROFF & ANDERSON
LLP
 s/ Oren Giskan 

Attorneys for Plaintiffs

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

 s/ Michael A. Moore 
Kelly P. Corr, WSBA No. 00555
Michael A. Moore, WSBA No. 27047
Sarah E. Tilstra, WSBA No. 35706

Attorneys for Defendant T-Mobile USA, Inc.

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 16
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    **STIPULATION ACCEPTED AND ORDER GRANTED** this ___5___ day of

2    _NW_ , 2008.

3

4    _____
     Thomas S. Zilly
     United States District Judge

5

6    Presented by:

7    CORR CRONIN MICHELSON
     BAUMGARDNER & PREECE LLP

8    _s/ Michael A. Moore_
     Kelly P. Corr, WSBA No. 00555
9    Michael A. Moore, WSBA No. 27047
     Sarah E. Tilstra, WSBA No. 35706
10   Attorneys for Defendant T-Mobile USA, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 17
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**DECLARATION OF SERVICE**

2      The undersigned hereby certifies as follows:

3      I am employed at Corr Cronin Michelson Baumgardner & Preece LLP, attorneys

4  of record for Defendant herein.

5      2.      On October 28, 2008, I caused true and correct copies of the foregoing to

6  be served on the attorneys of record for the Plaintiff herein by email to the following:

7          Oren Giskan
           Giskan Solotaroff & Anderson LLP
8          11 Broadway – Suite 2150
           New York, NY 10004
9          Email: ogiskan@gslawny.com

10         Clifford A. Cantor
           Law Offices of Clifford A. Cantor, P.C.
11         627 208th Avenue SE
           Sammamish, WA 98074-7033
12         Email: cacantor@comcast.net

13         Steven A. Schwartz
           Kimberly A. Sanders
14         Chimicles & Tikellis, LLP
           361 W. Lancaster Avenue
15         Haverford, PA  19041
           steveschwartz@chimicles.com
16         kimberlysanders@chimicles.com

17         E. Powell Miller
           Miller Law Firm PC
18         950 W. University Dr., Suite 300
           Rochester, MI  48307
19         epm@millerlawpc.com

20     I declare under penalty of perjury under the laws of the State of Washington that

21  the foregoing is true and correct.

22     DATED: October 28, 2008, at Seattle, Washington.

23

24                              *Mary Beth Chaplin*
                              MARY BETH CHAPLIN

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION – Page 18
No. C08-0106 TSZ

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT A

## <u>UNDERTAKING</u>

I acknowledge that I, _____, an _____, am about to receive confidential information produced in Civil Action No. 2:08-0106 TSZ, in the U.S. District Court for the Western District of Washington at Seattle, Washington.

I certify that I understand that such confidential information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2008, in Civil Action No. 2:08-0106 TSZ, in the U.S. District Court for the Western District of Washington at Seattle, Washington.

I further represent that I have been given a copy of and have read the PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms.

I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

_____
Date

_____
Signature

_____
Printed Name

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1

**EXHIBIT B**

2

3                                          THE HONORABLE THOMAS S. ZILLY

4

5

6

7

8                                     UNITED STATES DISTRICT COURT
9                                    WESTERN DISTRICT OF WASHINGTON
                                              AT SEATTLE
10
MOLLY McGINNIS, GERNOT TROLF, and
11   TIFFANY JOHNSON, individually and on          No. C 08-106 TSZ
     behalf of all others similarly situated,
12                                                 MOTION TO SEAL OPPOSITION TO
                           Plaintiffs,             PLAINTIFFS' MOTION TO COMPEL
13
14            v.

15   T-MOBILE USA, INC., a Delaware
     corporation,
16
                           Defendant.
17   ANTHONY DANIELS, individually and on
     behalf of all others similarly situated,
18
                           Plaintiff,
19
20            v.

21   T-MOBILE USA, INC., a Delaware
     corporation,
22
                           Defendant.
23

24


MOTION TO SEAL OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL – Page 1
No. C 08-106 TSZ

## I.   RELIEF REQUESTED

Pursuant to the Stipulated Protective Order entered by the Court on __, 2008, [filing party] requests that the court seal the documents attached to the supporting declaration of ___ filed under seal [and references to such materials within (name of underlying pleading)][1]. The attachments have been designated confidential under the Protective Order and sealing these documents is the only way to ensure their continued confidentiality.

## II.   ARGUMENT

On __, 2008, the Court entered a Stipulated Protective Order.  The Protective Order provides that:

> If any party intends to file Confidential Matter with the Court, then the provisions of this section must be followed.  Counsel shall . . . file a motion to seal indicating that the documents at issue have been designated as Confidential Matter pursuant to this order, attaching the documents at issue to such motion as sealed documents in the manner set forth by LR 5(g)(3) (as opposed to filing them with or attaching them to the underlying motion or other filing), with the understanding that the producing party shall thereafter file a response to such motion setting forth a more particularized showing of why such materials should remain sealed.  Counsel shall use the Official Court Electronic Document Filing System ("CM/ECF") to present materials under seal; counsel shall not provide original sealed materials to chambers, and shall not provide working copies to chambers unless the materials are voluminous and working copies are otherwise required under Local Rule CR 10(e)(8).

The exhibits attached to the supporting Declaration of [] were designated as "Confidential Matter" pursuant to the Protective Order, necessitating the filing of this motion under the Protective Order and the filing of these materials under seal.  Pursuant to the terms

_____

[1] A redacted copy of the [underlying pleading] has been filed with the Court.  An unredacted copy of the [underlying pleading] is attached as Exhibit A to the supporting declaration of [] filed herewith.

MOTION TO SEAL OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL – Page 2
No. C 08-106 TSZ

1    setting forth the particulars of why such materials should remain sealed.  [Moving party]

2    respectfully requests that the Court maintain these materials as sealed until that time.

3                        **III.    CONCLUSION**

4          For the foregoing reasons, and pursuant to the parties' Protective Order, [] seeks an

5    Order from the Court sealing the materials at issue.

6

7          DATED this _____th day of October, 2008.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

MOTION TO SEAL OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL – Page 3
No. C 08-106 TSZ