UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOLLY McGINNIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., a Delaware corporation, <br><br> Defendant. | No. C08-106Z <br><br> ORDER |

THIS MATTER comes before the Court on the deferred portion of Defendant's Motion for Summary Judgment, docket no. 60. At oral argument on January 15, 2009, the Court took the voluntary payment doctrine issue under advisement. Minutes, docket no. 120. T-Mobile invokes the voluntary payment doctrine as a basis for dismissal of the breach of contract claim[1] of Plaintiffs Hyoun, Katsenelebogen, McGinnis and Ruffin based on these Plaintiffs' failure to contemporaneously protest or investigate the disputed charges. The only bill that T-Mobile submitted in support of its motion is found at Exhibit 4 to the Moore

---

[1] The voluntary payment doctrine does not apply to Plaintiffs' Washington CPA claims. Indoor Billboard / Wash., Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d 59, 86 (2007) ("[T]he voluntary payment doctrine is inappropriate as an affirmative defense in the CPA context, as a matter of law.").

ORDER - 1

Declaration, docket no. 63. Plaintiffs submitted two sample bills as Exhibits 6 and 7 to the Giskan Declaration, docket no. 82.

"Payments are considered involuntarily made under the doctrine if the payor lacked knowledge of the applicable fees or made the payment as a result of fraud, duress, or compulsion." Davis v. Homecomings Fin., Case No. C05-1466RSL, 2006 U.S. Dist. LEXIS 77331, *11, n.3 (W.D. Wash. 2006); see also Indoor Billboard, 162 Wn.2d at 85 (payor must have "full knowledge of the facts"). T-Mobile's bills do not clearly indicate to a customer that international roaming charges are being incurred as a result of unanswered calls and calls forwarded to voicemail. T-Mobile assigns a telephone number to such calls, making it appear that a customer actually made a call, which is not true. Moore Decl., Ex. 4 (bill listing telephone number 805-637-7249 in the "number called" column of the bill as the basis for the charge). Furthermore, roaming charges undisputed by Plaintiffs are interspersed with disputed roaming charges on the bill. See id. Because there are material issues of fact as to whether the bills alone put T-Mobile customers on actual or constructive notice of the basis of the charges, the Court can only apply the voluntary payment doctrine for purposes of summary judgment if a customer has received individualized disclosures putting him or her on actual or constructive notice of T-Mobile's intent to assess international roaming charges for unanswered calls and calls forwarded to voicemail.[2]

Accordingly, the Court GRANTS IN PART and DENIES IN PART T-Mobile's motion for summary judgment on the voluntary payment doctrine, as follows. The Court GRANTS IN PART the motion as to Hyoun's breach of contract claim and DISMISSES Hyoun's contract claim to the extent it was based on charges incurred in February 2007,

---

[2] The Court distinguishes Riensche v. Cingular Wireless LLC, Case No. C06-1325TSZ, 2007 U.S. Dist. Lexis 83921 (W.D. Wash. Nov. 9, 2007), vacated on other grounds, 320 Fed. Appx. 646, 2009 U.S. App. LEXIS 6154 (9th Cir. 2009), on the facts. In Riensche, the Court concluded, as a matter of law, that the plaintiff's payment of the "State B and O Surcharge," which was set forth as a single line item on the bill, was voluntary and with full knowledge. 2007 U.S. Dist. LEXIS at ** 7, 22.

ORDER - 2

| | |
|---|---|
| 1 | because Hyoun did not dispute those charges contemporaneously with her payment, and she |
| 2 | had at least constructive notice of T-Mobile's intent to assess international roaming charges |
| 3 | for unanswered calls and calls forwarded to voicemail as a result of the December 28, 2005 |
| 4 | email from T-Mobile.  <u>See</u> Second Suppl. Moore Decl., docket no. 118, Ex. D (email).  The |
| 5 | Court GRANTS IN PART T-Mobile's motion as to Katsenelebogen's breach of contract |
| 6 | claim and DISMISSES Katsenelebogen's contract claim to the extent it was based on |
| 7 | roaming charges incurred between September 5, 2007 and October 16, 2007, because |
| 8 | Katsenelebogen did not dispute those charges contemporaneously with his payment, and he |
| 9 | testified that he had knowledge of T-Mobile's intent to assess such charges by April 2007. |
| 10 | Moore Decl., docket no. 63, Ex. 13 (Katsenelebogen Dep.) at 266:5-268:21.  The voluntary |
| 11 | payment doctrine is an alternative basis for the dismissal of Hyoun's and Katsenelebogen's |
| 12 | respective breach of contract claims.  <u>See</u> Minutes, docket no. 120.  The Court DENIES the |
| 13 | motion as to McGinnis and Ruffin because, although the evidence appears to show that they |
| 14 | failed to contemporaneously protest the disputed charges with their respective payments, the |
| 15 | Court cannot find as a matter of law that they had, or should have had, full knowledge of the |
| 16 | facts as a result of T-Mobile's bills. |
| 17 | IT IS SO ORDERED. |
| 18 | DATED this 20th day of January, 2010. |

                                                                          Thomas S. Zilly
                                                                         United States District Judge

ORDER - 3